UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| QIONG WANG | CIVIL ACTION 1:18-CV-01043 |
| VERSUS | JUDGE DRELL |
| LOURDES RODRIQUEZ DE JONGH | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Petitioner Qiong Wang ("Wang") filed an Emergency Petition for Writ of Habeas Corpus (Docs. 1, 4) pursuant to 28 U.S.C. § 2241, contending she was denied due process during her bond redetermination hearing and challenging Respondents' authority to continue to detain her indefinitely (Doc. 1). Wang seeks injunctive relief, attorney's fees, and costs (Doc. 4).

Respondents filed a Motion to Dismiss for lack of jurisdiction (Doc. 13). Wang then filed a Notice of Voluntary Dismissal (Doc. 16), asking to withdraw her petition pursuant to Fed. R. Civ. P. 41(a)(1). That rule states:

> (a) Voluntary Dismissal.
>    (1) By the Plaintiff.
>       (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>          (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>          (ii) a stipulation of dismissal signed by all parties who have appeared.
>       (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action

> based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion. See Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977). Dismissal pursuant to rule 41(a)(1)(i) is "a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." See Int'l Driver Training Inc. v. J-BJRD Inc., 202 Fed. Appx. 714, 715 (5th Cir. 2006) (citing American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963)).

Neither an answer nor a motion for summary judgment has been filed in this case. The fact that defendants have "joined issue" on the merits through a motion to dismiss does not affect plaintiff's ability to dismiss her suit. See Carter, 547 F.2d at 259. Unless a defendant has filed an answer or summary judgment motion, the governing provision is rule 41(a)(1).[1] See Carter, 547 F.2d at 259.

A notice of dismissal under Rule 41 is "self-executing," so there is no need even for "a perfunctory order of court closing the file."[2] Int'l Driver Training Inc. v. J-BJRD

---

[1] Defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(a)(1) may do so by taking the simple step of filing an answer. See Carter, 547 F.2d at 259.

[2] The Fifth Circuit explained a Ruled 41 dismissal in American Cyanamid Co., 317 F.2d at 297:
> Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing. But this quick and ready tool may be used once, and only once, if clear

2

Inc., 202 Fed. Appx. 714, 716 (5th Cir. 2006) (citing 8 James W. Moore et al., Moore's Federal Practice § 41.33[2], at 41-48 (Matthew Bender 3d ed. 2006); American Cyanamid, 317 F.2d at 297). The plaintiff "suffers no impairment beyond his fee for filing." See Int'l Driver Training Inc., 202 Fed. Appx. at 715 (citing American Cyanamid, 317 F.2d at 297). The effect of the dismissal is "to put the plaintiff in a legal position as if he had never brought the suit." See Int'l Driver Training Inc., 202 Fed. Appx. at 715 (citing Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment Inc., 434 F.3d 320, 324 (5th Cir .2005)); see also Bechuck v. Home Depot U.S.A., Inc., 814 F.3d 287, 293 (5th Cir. 2016) (citing Yesh Music v. Lakewood Church, 727 F.3d 356, 359 (5th Cir. 2013)).

Once a plaintiff has filed a proper rule 41 notice, "any further action by the district court [is] neither necessary nor of any effect." See Int'l Driver Training Inc., 202 Fed. Appx. at 715 (citing Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885, 889 (7th Cir. 1972)). Once the order of dismissal is filed, the case effectively ceases. The district court is thereafter without jurisdiction to take further action. See Int'l Driver Training Inc., 202 Fed. Appx. at 715; Bechuck, 814 F.3d at 293, n.6. The Rule 41 Notice of Dismissal automatically terminates the case and deprived the Court of jurisdiction. See Luv N' Care, Ltd. v. Jackel Int'l Ltd., 2013 WL 5726052, at *2 (W.D. La. 2013).

Accordingly,

---

consequences are to be avoided. A second notice of dismissal not only closes the file, it also closes the case with prejudice to the bringing of another

Defendants' Motion to Dismiss (Doc 13) is DENIED.

This case is CLOSED effective November 19, 2018.

THUS DONE AND SIGNED in Alexandria, Louisiana on this  13th  day of December, 2018.

                                          Joseph H.L. Perez-Montes
                                          United States Magistrate Judge